IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

National City Healthcare    )
Finance, et al.,            )
                            )
        Plaintiffs,         )
                            )
     v.                     )    08 C 7242
                            )
Refine 360, LLC, et al.,    )
                            )
        Defendants.         )

MEMORANDUM ORDER

National City Healthcare Finance ("National City") has filed a Complaint against Refine 360 ("Refine") and two other defendants, seeking recovery on an equipment lease and guaranty and invoking federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to address two problematic aspects of that pleading.

To begin with, National City's counsel is obviously well aware of the jurisdictional principles reflecting the citizenship of limited liability companies, which were articulated a decade ago in Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and have been repeated numerous times since then (see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006)) -- Complaint ¶1 deals correctly with the relevant citizenship of National City itself. Yet having done so, counsel inexplicably deals in irrelevancies as to Refine -- here is Complaint ¶2:

> Refine is an Illinois limited liability company that maintains its principal place of business at 3001-3051 Butterfield Road, Oak Brook Promenade, Suite 204,

Oakbrook, Illinois 60181.

That flaw, which fails to confirm the required existence of diverisity, must be cured by the filing of an amendment to the Complaint on or before December 30, 2008, failing which this Court would be constrained to dismiss this action for lack of subject matter jurisdiction. In addition, National City's counsel must also use that same amendment -- or if counsel prefers, a self-contained Amended Complaint -- to eliminate the portion of National City's present claim that seeks an unenforceable penalty (1) by having demanded the full amount (rather than the present value) of future rents as part of the "Stipulated Loss Value" under the equipment lease and (2) by taking credit for the full value of the repossessed equipment (see Complaint ¶10) rather than only the present value of the equipment's $1 purchase price that National City would have been entitled to receive at the end of the lease term as the proceeds of Refine's purchase (see the Lease amendment providing for that purchase).

_____
Milton I. Shadur
Senior United States District Judge

Dated:   December 22, 2008